# Rowe *v.* State.

## *Seining or Dynamiting Fish.*

(Decided Dec. 21, 1911.   57 South. 72.)

1. *Appeal and Error; Review; Necessity of Exceptions.*—In order to review the. action of the trial court in putting the defendant on trial before the court sitting without a jury, an exception thereto is necessary, under section 6243, Code 1907.

2. *Same; Sufficienty of Evidence.*—Where the record does not purport to set out all of the evidence, the sufficiency of the evidence to prove venue cannot be reviewed.

3. *Trial; Communicating With Counsel.*—The defendant is not in position to complain of the action of the court in permitting the game warden to communicate with the solicitor while the game warden's son was testifying, the impropriety thereof not being made to appear.

4. *Same; Reception of Evidence.*—Where the answer merely tends to fix the date of an occurrence to which the witness was testifying, it was not improper to allow the witness to- answer the question.

[Rowe v. State.]

APPEAL from Winston County Court.

Heard before Hon. JOHN S. CURTIS.

Love Rowe was convicted of seining or taking fish out of season, and he appeals. Affirmed.

W. F. LYNCH, for appellant. The court erred in putting the defendant to trial before the court without a jury.—24 Cyc. 164-170; *Oliver v. Herron,* 106 Ala. 80. Sufficient proof of venue was not made.—*Frank v. The State,* 40 Ala. 9; *Sparks v. The State,* 59 Ala. 82; *Cawthorn v. The State,* 63 Ala. 157. Counsel discusses other assignments of error, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The defendant did not except to the action of the court in putting him to trial without a jury, and hence, it cannot be here reviewed.—Sec. 6243, Code 1907. The record does not purport to set out all the evidence, and as there was no charge directly raising the sufficiency of the proof of venue, venue will be presumed.—*Ellsberry v. The State,* 52 Ala. 8; *Clarke v. The State,* 78 Ala. 484.

WALKER, P. J.—The appellant cannot here complain of the action of the court in putting him to trial before the court sitting without a jury, as no exception was reserved to that action of the court.—Code 1907, § 6243.

Elzie Lovett, a witness for the state, having testified that he saw the defendant seining the creek below O'Mary's Mill in the year 1911, it was not improper to allow the witness to answer the following question asked by the prosecuting attorney: "Was it before or

after laying-by time?" An answer to the question would merely tend to fix the date of the occurrence in reference to which the witness had deposed.

Nor is it made to appear that it was improper for the court to permit the game warden, who was the father of the witness above mentioned, to have communication with the solicitor while that witness was under examination.

The bill of exceptions does not purport to set out all the evidence adduced on the trial. For anything that appears, there may have been evidence to prove the venue which is not set out. Plainly this court cannot review the question of the sufficiency of the evidence to prove the venue, when the record does not purport to set out all the evidence.

Affirmed.